UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL ROTHLEY and BETSY ROTHLEY, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>ENDLESS CONCEPTS CONTRACTING LLC d/b/a BOSS HOG CONTRACTING, a Missouri limited liability company,<br><br>Defendant. | Case No. 2:26-cv-00382-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiffs' Motion to Amend Judgment. Dkt. 12 (the "Motion"). In the Motion, Plaintiffs request: (1) prejudgment interest of $74,452.15 be awarded, and (2) $405.00 be subtracted from the final judgment award because Plaintiffs' filing fees were inadvertently double-counted. For the reasons stated below, the Motion is GRANTED.

## II. BACKGROUND

On June 22, 2026, Plaintiffs Paul Rothley and Betsy Rothley ("Plaintiffs") filed a

complaint against Defendant Endless Concepts Contracting LLC d/b/a Boss Hog Contracting ("Defendant") alleging claims for fraud, breach of contract, Idaho Consumer Protection Act violations, and negligence. Dkt. 1. Plaintiffs sought damages of $448,441.50, an award of pre- and post-judgment interest, reasonable attorneys' fees and costs, and any other relief the Court deems just and equitable. *Id*.

After serving Defendant via publication in accordance with the Court's order (Dkt. 5), Defendant failed to appear or otherwise respond to the Complaint by the deadline. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On August 26, 2026, Plaintiffs filed a motion for default judgment. Dkt. 6. The Clerk of the Court entered default against Defendant on August 28, 2026. Dkt. 7. On September 17, 2026, the Court granted Plaintiffs' motion for default judgment. Dkt. 8. The Court stated it would enter judgment on Plaintiffs' claims in the amount of $449,045.54, consisting of $448,441.50 in damages and $604.04 in costs, and granted Plaintiffs leave to file a memorandum of attorneys' fees for the Court's consideration. *Id.*

On September 28, 2026, Plaintiffs filed a Motion for Award of Attorney Fees and a Proposed Final Judgment. Dkt. 9. The motion requested attorneys' fees of $10,170.00, and a total judgment amount of $459,620.54. *Id.* The motion and proposed final judgment did not request prejudgment interest. *Id*. The Court granted the Motion for Award of Attorney Fees and entered the Proposed Final Judgment on September 29, 2026, awarding Plaintiffs $459,620.54 with interest at the statutory rate. Dkts. 10, 11.

Later on September 29, 2026, Plaintiffs filed the present Motion to Amend Judgment. Dkt. 12. In their Motion, Plaintiffs request an additional award of prejudgment

interest at 12% per annum on the liquidated damages in an amount of $74,452.15.[1] *Id.* The Motion also asks the Court to correct a miscalculation in the Final Judgment, which double-counted some of Plaintiffs' costs in the final award amount.[2] *Id.* Plaintiffs request a total judgment award of $533,667.69, inclusive of $448,441.50 in damages, $74,452.15 in prejudgment interest, $10,170.00 in attorneys' fees, and $604.04 in costs. *Id.*

## III. LEGAL STANDARD

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).

Idaho Code § 28-22-104(1) provides that an annual rate of 12% interest is allowed on money due by express contract when there is no express written contract fixing a different interest rate. Prejudgment interest is available where the damages are liquidated or readily ascertainable by mathematical process. *Ross v. Ross*, 178 P.3d 639, 641 (Idaho Ct. App. 2007). "A claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion." *Id.* at 642. "Examples are claims upon promises to pay a fixed sum, claims for

---

[1] "The annual interest on $448,441.50, at 12% per year, equals $53,812.98 ($448,441.50 x .12). The daily accruing interest equals $147.43 ($53,812.98 divided by 365). Therefore, the total prejudgment interest equals $74,452.15 ($147.43 x 505 days)." Dkt. 12, at 3.

[2] The final award of $459,620.54 included $448,441.50 in damages, $10,170.00 in attorneys' fees, and $1,009.04 in costs (which double-counted Plaintiffs' $405.00 filing fee).

money had and received, claims for money paid out, and claims for goods or services to be paid for at an agreed rate." *Id.*

## IV. ANALYSIS

After the Court entered the Final Judgment and an award of $459,620.54, Plaintiffs promptly sought amendment of the Final Judgment that same day, well within the statutory deadline to seek amendment. Taking the allegations in the Complaint as true, Plaintiffs entered a Construction Contract Agreement with Defendant (the "Agreement"), whereby Defendant agreed to obtain the required permits and construct a barndominium for Plaintiffs at 3753 Bottle Bay Road, Sagle, Idaho 83860, for a total project price of $1,494,805.00. Dkt. 1, at 2. Plaintiffs agreed to deposit $448,441.50 with Defendant, which amount was due at the signing of the Agreement. *Id.*; Dkt. 1-1, at 2. Plaintiffs made this deposit on or about May 12, 2025. Dkt. 1, at 2.

Since signing the Agreement, the only action Defendant has taken in furtherance of the Agreement was submitting a defective building permit application and proposed building plans with Bonner County, which the County rejected for containing numerous zoning violations. *Id.* at 5. Defendant did not notify Plaintiffs about the rejected application and has not taken any action to remedy the zoning violations. *Id.*

Over a year has passed since the Agreement was signed, and no progress has been made on either obtaining the necessary permits or beginning construction on the barndominium. *Id*. Despite Plaintiffs' multiple attempts to communicate with Defendant, Defendant has failed to respond to any of their communications since December 2025 and has not returned their $448,441.50 deposit. *Id.* at 7. Based on the circumstances, it appears

Defendant induced Plaintiffs to enter into the Agreement and deposit $448,441.50 without ever intending to complete Plaintiff's contracted-for barndominium. *Id*.

In their Motion, Plaintiffs request prejudgment interest at the statutory rate of 12%, beginning on the date they made the deposit with Defendant. Dkt. 12, at 3. The deposit is the exact amount of money that was paid out by Plaintiffs, and the Agreement does not contain a set interest rate on damages. Thus, the Court finds Plaintiffs' damages claim of $448,441.50 is liquidated and qualifies for prejudgment interest at the statutory rate of 12% per annum. Because Defendant took the deposit without intending to complete the project, prejudgment interest shall be calculated from the date of the deposit, or May 12, 2025, for a total amount of $74,452.15. *See supra* note 1.

As to Plaintiffs' request to correct the $449,045.54 judgment, it is clear from the record that the Final Judgment inadvertently counted Plaintiffs' $405.00 filing fee twice in its final award. *See supra* note 2. The Court appreciates Plaintiffs' candor and will include only $604.04 in costs in calculating the amended award.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is GRANTED.

## VI. ORDER

IT IS HEREBY ORDERED:

1. Plaintiffs' Motion to Amend Judgment (Dkt. 12) is GRANTED.
2. Prejudgment interest in the amount of $74,452.15 shall be added to the Final Judgment, and $405.00 shall be subtracted from the Final Judgment.

3. The Court will enter a separate Amended Final Judgment consistent with this decision.

DATED: October 1, 2026

David C. Nye
U.S. District Court Judge